IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| LAWSON P. ROBERTS,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1-18-CV-00029 |
| STEVEN MNUCHIN,<br>SECRETARY OF TREASURY<br>Defendant. | §<br>§<br>§<br>§ | |

# PLAINTIFF'S ORIGINAL COMPLAINT

## A.  Parties

1)  Plaintiff, LAWSON P. ROBERTS, is an individual of the State of Texas.

2)  Defendant, STEVEN MNUCHIN, SECRETARY OF THE TREASURY, is an agency of the United States of America sued in his official capacity, may be served by serving the United States through delivering a copy of the summons and of the complaint to the United States Attorney for the Western District of Texas and by sending a copy of the summons and of the complaint by certified mail to the Attorney General of the United States and to defendant.

## B. Jurisdiction

3)  The court has jurisdiction over the lawsuit because the United States is a party.  U.S. Const. art. 3, §2, cl. 1.  In addition the suit arises under Title VII.

## C. Venue

4)  Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district.  During all relevant times when the alleged unlawful employment practices were committed, Plaintiff was a Tax Examining

1

Technician, Wage and Investment Service Centers, Austin Submission Processing, in Austin, Texas.

## D. Exhaustion of Administrative Remedies

5) Plaintiff timely filed an Individual Complaint of Employment Discrimination with regard to on-going harassment based on retaliation for prior participation in the EEO process on March 9, 2017. [1]

6) Plaintiff timely filed an Individual Complaint of Employment Discrimination with regard to on-going harassment based on retaliation for prior participation in the EEO process on May 3, 2017. [2]

7) On October 14, 2017, Plaintiff received the Department of the Treasury Final Agency Decision dated October 6, 2017, with regard to Plaintiff's Individual Complaint filed on March 9, 2017.  The Plaintiff was informed that that the Agency found that no discrimination had occurred. [3]

8) On January 3, 2018, Plaintiff received the Department of the Treasury Final Agency Decision dated December 18, 2017, with regard to Plaintiff's Individual Complaint filed on May 3, 2017.  The Plaintiff was once again informed that that the Agency found that no discrimination had occurred. [4]

9) Plaintiff has exhausted all administrative remedies.

## E. Discrimination Under Title VII

10) During all relevant times, Plaintiff was an employee of the Internal Revenue Service, specifically Wage and Investment Service Centers, Austin Submission Processing, an agency

---

[1] Individual Complaint of Employment Discrimination attached as Exhibit A.
[2] Individual Complaint of Employment Discrimination attached as Exhibit B
[3] Individual Complaint of Employment Discrimination attached as Exhibit B
[3] Decision Letter attached at Exhibit C.
[4] Decision Letter attached at Exhibit D.

of the federal government.  As such he is covered by 42 U.S.C. §2000 et seq.

11) As a Federal Agency, defendant is prohibited by 42 U.S.C. §2000e-3(a) from retaliating against a person for opposing any practice made unlawful by title VII of the Civil Rights Act. To do so is an unlawful. U.S.C. §2000e-3(a).

12) Defendant retaliated against Plaintiff for his participation in the EEO process.

13) Plaintiff will show that the Defendant initially rejected each and every one of his requests for advanced sick leave even though each request was accompanied by from a health care professional.

14) Plaintiff will further show that despite repeated requests on the part of Plaintiff and his attorney for specific ways in which the provided documentation was lacking, the Defendant either refused to respond or requested information that Plaintiff was legally not required to provide.

15) Plaintiff will show that in each and every case the medical documentation provided with Plaintiff's request for advanced sick leave was eventually deemed sufficient by Defendant, without augmentation by Plaintiff.  Defendant failed to explain why medical documentation initially deemed insufficient was later found to be sufficient to support Plaintiff's request for advanced sick leave.  The only explanation is that Defendant's demands for additional medical documentation were for the purpose of harassment only.

16) Plaintiff will show that Defendant gave Plaintiff written documentation lowering his rating evaluation on multiple occasions—documentation that purported to be based on the Defendant's Measured Employees Performance System, (MEPS), but was in fact made up by Defendant. [5]

---

[5] The criteria for MEPS was negotiated by Defendant and the National Treasury Employees Union (NTEU) and is contained in the 2016 Agreement Between the Internal Revenue Service and National Treasury Employees Union (the Agreement).

17) Plaintiff will further show that according to Plaintiff's Individual Performance Report, (IPR), generated by MEPS, although he was a measured employee, he did not meet the criteria, per MEPS, to generate a rating. [6]

18) Plaintiff will show that Defendant pre-prepared negative, written documentation for Plaintiff's supposedly "disruptive" conduct—on a day when Plaintiff was almost two hundred miles away attending a family funeral.

19) Plaintiff will show that Defendant directed him to not work any Rejects programs—work that Plaintiff was proficient on. Defendant was the only employee to receive this directive, despite the fact that Plaintiff was a subject matter expert who had written procedures and had trained other employees.

20) Plaintiff will show that Defendant refused to provide any explanation for the directive not to work Rejects programs.

21) Plaintiff will further show that after giving the directive not to work Rejects programs, Defendant then used the directive as an excuse to prevent Plaintiff from working overtime.

22) Plaintiff will show that Defendant directed Plaintiff not to send unencrypted e-mails to his attorney[7] and then an additional directive not to discuss the directive just given or "any related issues" with any employee of the Defendant while on the property of the Defendant

---

[6] §14(B) – Numerical Performance Standards of Measured Employees of the Agreement states: *For purposes of this Agreement, a "measured employee" is an employee who may or may not receive a "measured appraisal," depending on whether or not certain criteria (described below) are met; and a "measured appraisal" is an appraisal derived, in part, from systemically computed "Quality and Efficiency" ratings by MEPS.* Plaintiff did meet the criteria; therefore, although a measured employee, was not qualified to receive ratings computed by MEPS.

[7] Plaintiff sent an unencrypted e-mail to his attorney concerning his ongoing EEO Complaint. Because the e-mail contained personally identifiable information, (PII), the e-mail was blocked and the attempt reported to Plaintiff's manager. However, the only PII the e-mail contained was Plaintiff's own. Since Plaintiff certainly has the authority to determine how, and to whom his own information is disclosed, Plaintiff very reasonably asked for guidance. Instead of providing guidance, the Defendant issued a directive and a gag order.

or on the clock. [8]

### F. Damages

23) As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

a)  Plaintiff suffered loss of income;

b)  Plaintiff suffered stress due to the on-going harassment that exacerbated his illness and set back his recovery, causing him to need a longer recovery time than would have otherwise been necessary; and

c)  Plaintiff suffered mental anguish and emotional distress as a result of this attack on his livelihood and his reputation in the form of loss of sleep, loss of quality of life, and stress.

### G. Attorney Fees

24) Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

### H. Prayer

25) For these reasons, Plaintiff asks for judgment against Defendant for the following:

a)  That Plaintiff receive back-pay and interest for the overtime he was not allowed to work;

b)  That Plaintiff be reimbursed for one week of advanced sick leave;

c)  That all directives be removed;

d)  That all documentation lowering Plaintiff's evaluation be removed;

---

[8] This restriction effectively directed the Plaintiff not to seek the EEO assistance or the assistance of the Union, a prohibited personnel practice.

e) Reasonable attorney's fees;

f) Costs of suit;  and

g) All other relief the court deems appropriate.

Respectfully submitted,

By: /s/ Chrystina Sumpter__
Chrystina Sumpter
00791761
P.O. Box 1156
Buda, TX 78610
E-mail chsumpter@hotmail.com
Tel. (512) 280-7332
Fax  (512) 282-9668

6